This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Alexander Martinsons has appealed a judgment from the Medina County Common Pleas Court that denied his petition for postconviction relief. This Court affirms.
 I.
On July 24, 1996, Defendant was indicted by the Medina County Grand Jury for one count of having a weapon under a disability. Defendant entered a plea of not guilty, and the case proceeded to trial before a jury. The jury returned a verdict of guilty, which Defendant timely appealed. See State v. Martinsons (June 17, 1998), Medina App. Nos. 2708-M and 2713-M, unreported. On February 23, 2000, Defendant filed a petition for postconviction relief in the trial court. The trial court denied the motion, which Defendant timely appealed. For ease of discussion, Defendant's assignments of error will be addressed together.
 II. Assignment of Error Number One The trial court improperly dismissed [Defendant's] petition to vacate or set aside the judgment and sentence.
 Assignment of Error Number Two The [trial] court failed to file findings of fact and conclusions of law as required by R.C. 2953.21(G).
Essentially, Defendant has argued that the trial court erred when it failed to make the appropriate findings and dismissed his petition as untimely. This Court disagrees.
R.C. 2953.21(A)(2) governs the procedure for filing a petition for postconviction relief:
 A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
The record reveals that Defendant was convicted and sentenced during 1997 and that his direct appeal was conducted during June 1998. He filed his petition over two years later on, February 23, 2000, outside the time period. As a result, his petition was not timely. A review of Defendant's petition also indicates that he did not meet either of the criteria of R.C. 2953.23(A). Defendant (1) neither showed that he was unavoidably prevented from discovering the facts upon which he relied in his second petition, nor showed that any rulings by the United States Supreme Court subsequent to his first petition recognized a new federal or state right that applied to him; and (2) failed to show by clear and convincing evidence that, but for the alleged errors, no reasonable factfinder would have found him guilty of the offenses of which he was convicted. See R.C. 2953.23(A). Because the trial court was without jurisdiction to entertain Defendant's petition, it was not required to make findings of fact and conclusions of law in accordance with R.C. 2953.21(G). See Statev. Childs (Feb. 17, 2000), Summit App. No. 19757, unreported, at 4.
Lastly, this Court notes that the adjudication of Defendant's prior appeal bars him from relitigating any issues arising from the same transaction or occurrence. See State v. McMinn (June 16, 1999), Medina App. No. 2927-M, unreported at 5-6. Defendant has already had an opportunity to litigate the issues in his petition; therefore, under the doctrine of res judicata, this Court need not address his arguments again.
 III.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ BETH WHITMORE
SLABY, P. J., CARR, J., CONCUR